13027

WEBSTER v. THE TEXAS COMPANY

(155 S. E., 842)

508

*Messrs. Adam H. Moss, P. F. Haigler* and *Frank G. Tompkins,* for appellant,

*Messrs. Lide & Felder,* for respondent.

November 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, A. D. Webster, against the defendant, The Texas Company, was commenced in the County Court for Orangeburg County, May 14, 1929, and the suit is based on an alleged breach of a contract between the plaintiff and the defendant, bearing date March 18, 1926, it being alleged in plaintiff's complaint that the plaintiff had agreed to purchase the petroleum products of the defendant for his retail trade, the material allegations of the complaint being as follows:

"2. That on the 18th day of March, 1926, the plaintiff and the defendant entered into an agreement whereby the plaintiff was to purchase from the defendant, and sell in his filling station near the City of Orangeburg, the products of the defendant. It was agreed that the plaintiff would sell the products of the defendant exclusively, and that the defendant would furnish or sell to the plaintiff its products at the seller's filling station market price at Orangeburg, S. C., at the time of delivery (such filling station price being on March 18th, 1926, twenty-five (25) cents per gallon).

"2. That beginning July 2, 1928, the defendant did not furnish to the plaintiff herein as had been agreed between the parties in their said contract, dated the 18th day of March, 1926, gasoline at the filling station market price at Orangeburg, S. C., at the time of delivery, but on the contrary the defendant herein charged the plaintiff for gasoline and the plaintiff paid to defendant for same an amount in

excess of the filling station market price of the seller, in the sum of one and one-half (1½) cents per gallon in excess of said market price; and that the defendant collected of plaintiff for gasoline bought and sold between July 2, 1928, and September 22, 1928, in excess of the filling station market price as was agreed, the sum of One Hundred and One and 13/100 ($101.13) Dollars, which the said defendant has refused to return to this plaintiff, even though repeated demand has been made therefor."

The defendant in its answer admitted the execution of the contract alleged, but denied all other material allegations in plaintiff's complaint, alleged that it had complied with the contract, and, further, alleged, by way of counterclaim, "that the plaintiff had breached a contract with it by dispensing through its tanks and other equipment, which the defendant had leased to plaintiff, petroleum products other than those bought from defendant."

In its reply to the alleged counterclaim, the plaintiff, *inter alia,* alleged "that it only used the tanks and other equipment of the defendant after the defendant had refused to sell to him gasoline at the same price that it sold same to other filling station operators."

The case was tried before his Honor, Judge B. H. Moss, Judge of said County Court, and a jury (the date of the trial is not disclosed by the record before us). At the close of the introduction of testimony on behalf of the plaintiff, the defendant moved for a nonsuit, which motion the Court refused. At the conclusion of the introduction of all of the testimony, the defendant moved for direction of a verdict. This motion the Court also refused, and the case was submitted to the jury, a verdict was rendered for the plaintiff for the full amount sued for, and, from the entry of judgment on the verdict, the defendant has appealed to this Court.

Exceptions 1 and 2, which will be considered together, read as follows:

"1. That the Court erred in allowing plaintiff to tes-

tify over the objection of the defendant, that the defendant charged him more for gasoline than it charged others.

"The error being that the contract upon which the plaintiff brought his suit, and alleged to have been breached, did not so specify or guarantee."

"2. That the Court erred in allowing plaintiff to testify over the objection of the defendant that it charged him a higher rate wholesale tank wagon price for gasoline than it did others.

"The error being that the contract as alleged and proven by plaintiff did not so guarantee, but only guaranteed plaintiff a profit, or differential, of not more than three or less than two cents per gallon on gasoline bought under said contract."

The part of the contract in question bearing on the price to be charged plaintiff for defendant's products reads as follows:

"For Gasoline, the seller's Filling Station market price, at Orangeburg, S. C., at time of delivery (such filling station price being on March 18th, 1926, 25c per gallon) less the prevailing differential between seller's filling station market price and the seller's wholesale tank wagon market price, such differential to be not more than 3c or less than 2c per gallon.

"For Motor Products, the lowest schedule prices shown in seller's regular selling schedule at time of shipment (for prices in effect March 18th, 1926, see schedule attached dated August 15th, 1925) less 10%."

In our opinion it would serve no useful purpose to quote or discuss the testimony admitted in evidence at the trial of the case on which the appellant bases these exceptions, but we deem it sufficient to state that an examination of the record convinces us that the testimony complained of was responsive to issues in the case, as raised by the pleadings, and we are satisfied that, in no event, was the testimony in

question prejudicial to the appellant. These exceptions must therefore be overruled.

Exceptions 3, 4, and 6 impute error to the trial Judge in refusing defendant's motions for a nonsuit, direction of a verdict, and for a new trial. All of these exceptions raise questions as to the sufficiency of the evidence. Under our view of the testimony it was simply a question for the jury. If the jury believed the testimony of the plaintiff, then the plaintiff was entitled to the verdict rendered. Therefore, it was the duty of the trial Judge to submit the issues to the jury.

Exception 5 imputes error to the trial Judge in reading to the jury a portion of the contract involved, it being contended by appellant that his Honor should have, at the same time, construed that portion of the contract that he read, and the appellant, further, contends that his Honor in effect, by not construing the same, charged the jury that the contract was ambiguous. We are unable to agree with appellant, and in this connection we call attention to the fact that his Honor, the trial Judge, was not requested to construe any portion of the contract. The exception is overruled.

All of the exceptions must be overruled, and it is therefore the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

Messrs. Justices Cothran, Blease and Stabler concur.